UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA
THIRD AMENDED **CHAPTER 13 PLAN (Individual Adjustment of Debts)**

DEBTOR: **MIGUEL ELIAS-SAUD**  CASE NO. **17-11503-BKC-RAM**
Last four digits of SS No. 6168

**MONTHLY PLAN PAYMENT**: Including Trustee's fee of 10% and beginning thirty (30) days from filing/conversion date. Debtor(s) to pay to the Trustee for the period of **36** months. In the event the Trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan.

**A. $1,651.02** for months **1** to **36**, beginning **March 7, 2017**; in order to pay the following creditors:

**Administrative**: Attorney's Fees: $5,000.00; Paid Fees: $2,000.00; Balance Due: $3,000.00; payable $100.00/mo. (Mos. 1 to 30)

**MMM FEES:** $2,500.00, Paid Fees: $1,500.00, Balance Due: $1,000.00, Payable; $33.34/mo. (Mos. 1 to 30)

**Secured Creditors**:  [Retain Liens pursuant to 11 U.S.C. § 1325(a)(5)]
**Mortgage(s)/Liens on Real or Personal Property**

**1. OCWEN LOAN SERVICING (1st Mtg Homestead Prop.- 1857 SW 14 Terr., Homestead, FL)**
PO Box 780          MMM Payment; $1,352.58/mo. (Mos. 1 to 36)
Waterloo IA 50704   **Direct pay begins: February 2020**
Acct #1953
*Payment includes Property Insurance (Payment of $300.00)
Real Estate Taxes (Payment of $145.04)
Principal Interest Payment is $907.54
Total MMM Payment is $1,352.58

**"The debtor has filed a Verified Motion for Referral to MMM with Ocwen Loan Servicing("Lender"), loan number  1953, for real property located at  1857 SW 14 Terr., Homestead, FL. The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.**

**2. Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.**

**If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.**

LF-31 (rev. 01/08/10)

**If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.**

**In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.**

**If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to to value; or (b) provide that the real property will be "treated outside the plan." If the property is "treated outside the plan" the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.**

**Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim."**

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING THE CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| NONE | | | | | |

LF-31 (rev. 01/08/10)

**Priority Creditors**: [As defined in 11 U.S.C. Section 507]

**NONE**

**Unsecured Creditors**: Payable: $133.34/mo. (Mos. 31 to 36). Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

**SPECIAL PROVISION: The debtor(s) is advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f)1-4 on an annual basis, during the pendency of this case. The debtor(s) acknowledges that the deadline for providing the Trustee with their filed tax returns, or a copy of the filed extension, is on or before May 15 each year the case is pending. Within ten days after the returns are filed with the Internal Revenue Service, the Debtor(s) shall provide a copy of the filed return to the Trustee. The debtor(s) shall provide to the Trustee a statement of the income and expenditure of the debtor during the tax year of the debtor most recently concluded before such statement is filed under this paragraph, and the monthly income of the debtor(s) that shows how income, expenditure, and monthly income are calculated.**

Dated: May 5, 2017

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was sent by e-mail to Nancy Neidich at e2c8f01@ch13herkert.com and those set forth in the NEF and regular mail to all creditors this 5th day of May, 2017.

Law Offices of Michael J. Brooks,
Michael A. Frank,
& Rodolfo De La Guardia
Attorney for Debtor(s)
10 N.W. Le Jeune Road, Suite 620
Miami, FL  33126-5431
**(305) 443-4217**
Pleadings@bkclawmiami.com


By /s/ _____
Michael J. Brooks
Florida Bar No. 434442

LF-31 (rev. 01/08/10)