

**ORDERED in the Southern District of Florida on March 12, 2020.**

                                   **Robert A. Mark, Judge**
                                   **United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

                                                          Chapter 13
                                             Case No.: 17-11503-RAM

**MIGUEL ELIAS-SAUD,**

    Debtor.
_____/

**ORDER GRANTING U.S. BANK TRUST, N.A., AS TRUSTEE OF THE CHALET SERIES III TRUST'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**THIS MATTER** came before the Court on March 10, 2020, upon U.S. Bank Trust, N.A., as Trustee of the Chalet Series III Trust's Motion for Relief From the Automatic Stay [D.E. 76](the "Motion"). The Court, being otherwise duly advised in the premises, it is, hereby,

**ORDERED,** as follows:

1. The Motion is **GRANTED**, as set forth herein.

2. The automatic stay imposed by 11 U.S.C. § 362 is terminated in favor of U.S. Bank Trust, N.A., as Trustee of the Chalet Series III Trust, its successors or assigns ("Secured Creditor"), so as to allow Secured Creditor to commence or proceed to prosecute a mortgage

*Case No.: 17-11503-RAM*

foreclosure action so as to allow the state court to enter all necessary orders, judgments, and decrees associated therewith, on real property commonly described as *1857 SW 14th Terrace, Miami, FL 33145* (the "Property") and with a legal description described as:

> **LOT 6, BLOCK 1, MARBOROUGH, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 15, PAGE(S) 38, PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

3. The co-debtor stay provided by 11 U.S.C. § 1301 is terminated in favor of Secured Creditor and as to any party claiming an interest in the Property. Accordingly, the co-debtor stay is modified to permit the Secured Creditor to commence and/or proceed to prosecute a mortgage foreclosure action in state court against real property, the legal description of which is described below.

4. This relief is *in rem* only in order to complete state court foreclosure proceedings through Certificate of Title and possession of the Property; however, Secured Creditor shall not seek any *in personam* relief against the debtor and/or co-debtor(s) without further order of the Court.

5. The Court waives the time requirements under Rule 4001(a)(3) and deems the relief from stay effective immediately.

6. The Court shall retain jurisdiction over this matter to consider and enter such further relief necessary to enforce the terms and conditions of this Order.

###

Submitted by:

Chase A. Berger, Esq.
Florida Bar No. 083794
cberger@ghidottiberger.com
**GHIDOTTI | BERGER, LLP**
1031 North Miami Beach Blvd., North Miami Beach, FL 33162
Telephone: (305) 501.2808 / Facsimile: (954) 780.5578
Chase A. Berger, Esq., shall serve a conformed copy of this order upon all interested parties and shall file a Certificate of Service within three (3) days from the entry of this Order.